THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Alan Burns, Appellant,
 
 
 

v.

 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
 Deborah B. Durden, Administrative Law Court
Judge 

Unpublished Opinion No.  2012-UP-017 
 Submitted January 3, 2012  Filed January
25, 2012

AFFIRMED

 
 
 
 Alan Burns, of North Charleston, pro se.
 Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Alan
 Burns appeals the Administrative Law Court's (ALC) order dismissing the
 Department of Corrections's inmate disciplinary action.  Burns argues the ALC's
 action deprived him of his due process rights and contravened its own
 scheduling order in dismissing his appeal before he could file a reply brief.[1] 
 We affirm[2] pursuant to rule 220(b)(1), SCACR, and the following authorities: 
1. As to whether the
 dismissal violated Burns's due process rights: Olsen v. S.C. Dep't of Health
 & Envtl. Control, 379 S.C. 57, 69, 663 S.E.2d 497, 503-04 (Ct. App.
 2008) ("Procedural due process requirements are not technical,
 and no particular form of procedure is necessary.  Rather, due process is
 flexible and calls for such procedural protections as the particular situation
 demands. . . .  The fundamental requirement of due process is
 the opportunity to be heard at a meaningful time and in a meaningful
 manner." (citations and internal quotation marks omitted)).
2. As to whether the
 dismissal violated the ALC's order: S.C.
 Code Ann. § 1-23-610(B) (Supp. 2010) (permitting this court to reverse the
 ALC's decision only "if the substantive rights
 of the petitioner have been prejudiced" (emphasis added)).
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur. 

[1] Burns raises five issues on appeal, all of which
 relate to the above contention.  Therefore, we address the five issues as one.
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.